BRENNAN v. BRENNAN.

(Supreme Court, General Term, Second Department.    December 12, 1892.)

Specific Performance—Oral Contract—Part Performance.
   In 1870 plaintiff and defendant orally agreed to the exchange of certain land.    In execution of the agreement plaintiff conveyed to defendant his land, and paid him an agreed sum.    Each party was given, and has ever since retained, possession of the property for which he traded, but defendant failed to execute a conveyance to plaintiff of the land received by the latter. Held, that specific performance was properly decreed.

Appeal from special term, Kings county.

Action by Michael Brennan against Patrick Brennan for the specific performance of an oral contract to convey land. From a judgment of the special term in favor of plaintiff, defendant appeals. Affirmed.

Argued before BARNARD, P. J, and DYKMAN and PRATT, JJ.

George W. Mead, (G. G. Reynolds, of counsel,) for appellant.

Wingate, Cullen & Miller, (Geo. W. Wingate, of counsel,) for respondent.

DYKMAN, J.   It is the object of this action to enforce the specific performance of a verbal agreement for the exchange of real property. The parties are brothers, and in the year 1870 they made an agreement, which was not reduced to writing, by which the defendant agreed to exchange certain real property which he owned with the plaintiff for certain real property which he owned, and $1,200 in money. In execution of that agreement the plaintiff conveyed his property to the defendant at the time, and paid him $1,200 in money, and gave him possession of the property, and the defendant gave the plaintiff possession of the property he was to receive, but failed to give him any conveyance thereof. Both parties remained in possession of the respective properties.

The cause has been tried at the special term, and the trial judge has found the facts as we have stated them, and according to the contention of the plaintiff, and a careful examination of the testimony conducts us to a full concurrence with his conclusions both of fact and law. The defendant is evidently endeavoring to withhold this property from the plaintiff after having received full compensation therefor, and this is a plain case for the enforcement of a verbal contract for the sale and exchange of land. The testimony is exceedingly contradictory, but the trial judge has deduced the truth therefrom. The case is peculiar, and depends so much upon its own features that we deem an extended opinion unnecessary. We concur entirely with the decision and judgment. It enforces justice, and defeats a fraudulent design.

The judgment should be affirmed, with costs.   All concur.